# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**ROBERT L. COLLINS BEY,**

    **Plaintiff,**

 **v.**                                  **Case No. 18-cv-299**

**EDWARD WALL,**
**DIERDRE MORGAN,**
**CATHY JESS,**
**GARY BOUGHTON,**
**DANIEL WINKLESKI,**
**L. PRIMMER,**
**CARRIE SUTTER,**
**D. MERWIN-JOHNSON,**
**K. LATHROP, and**
**A. MINK,**

    **Defendants.**

---

## DECISION AND ORDER SCREENING PLAINTIFF'S COMPLAINT

---

Robert Collins Bey, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights. Not all parties have had the opportunity to fully consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c). Nonetheless, the court has jurisdiction to screen the complaint under the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court. I will address Collins' motions to proceed without prepayment of the filing fee, his motion to waive the initial partial filing fee, and his motion to appoint counsel, and screen his complaint.

*Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee.

On March 3, 2018, I ordered Collins to pay an initial partial filing fee of $0.79. About a week later, he filed a motion asking me to waive that fee. He explains that his very limited income of $8.00 per month is immediately withdrawn from his account to satisfy debts he owes. Collins' trust account statement confirms that he has neither the means nor the assets to pay the initial partial filing fee, so I will grant his motion to waive that fee. Collins must pay the entire $350 filing fee over time in the manner explained at the end of this order.

*Screening of the Complaint*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Allegations in the Complaint*

Collins alleges that the Wisconsin prison system had an unwritten policy for more than thirty-five years of providing indigent prisoners with free writing materials, including two sheets of paper, envelopes, and postage. (Docket # 1 at 8.) On December 12, 2014, defendant Carrie Sutter sent out a memorandum to all inmates, which stated: "In accordance with the revisions set forth in the DOC 303, writing materials and postage will only be provided to indigent inmates in DS upon request. The writing materials can only be used for legal and/or CCE purposes. The materials may not be used for personal mail." (*Id.*) Collins asserts that defendants' misinterpretation and misapplication of the statute interfered with his constitutional right to free speech. Collins explains that he filed grievances about the change in policy and complained to his social worker and to unit officers to no avail. Collins asserts that, as a result of the change in policy, he was unable to correspond with this family for thirteen months.

On January 25, 2016, defendant Cathy Jess sent a memorandum to all staff and inmates, which stated: "DAI will provide one stamped, embossed, or metered envelope and two pieces of paper to indigent inmates in restrictive housing on the 1st and 15th of each month, effective February 1, 2016. The inmate may use these materials to correspond to members of the public or another inmate for any purpose, legal or otherwise." (*Id*. at 20.)

Collins also alleges that defendants prevented him from communicating with his family and friends via telephone. He explains that, due to a change in the service provider used by the prison, he was no longer able to place collect calls to people unless they first prepaid for the call by placing money into an account. (*Id.* at 24.)

*Analysis*

I recognize that in the past, prisons have given inmates limited free postage and supplies for personal mail. I also recognize that there may be many reasonable arguments in favor of this practice. However, the Court of Appeals for the Seventh Circuit has held that there is generally "no constitutional right to subsidy." *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir.2002). Accordingly, defendants' refusal to provide Collins with free postage and writing supplies does not violate the First Amendment. *See Walker v. Litscher*, Case No. 02-C-430, 2003 WL 23200259 at *3 (W.D. Wis. March 14, 2003); *Van Poyck v. Singletary*, 106 F.3d 1558 (11th Cir.1997) (indigent inmates do not have right to free postage for personal mail); *Hershberger v. Scaletta*, 33 F.3d 955, 956–57 (8th Cir.1994) (same); *Dawes v. Carpenter*, 899 F.Supp. 892, 899 (N.D.N.Y.1995) ("[T]he Constitution does not require the State to subsidize inmates to permit [personal] correspondence.").

Similarly, the defendants' decision to contract with a telephone service provider that requires prepayment for collect calls does not run afoul of the Constitution. Although the

process of placing a collect call to his family may be more complicated, that does not mean that this channel of communication is not "open" to Collins. *See Walker*, 2003 WL 23200259 at \*5. I understand Collins' frustration over the difficulties he faced in communicating with his friends and family during that thirteen-month period; however, because the defendants' actions did not violate the Constitution, Collins fails to state a claim upon which relief can be granted.

*Motion to Appoint Counsel*

Because I am dismissing this case based on Collins' failure to state a claim, he has no need for the assistance of a lawyer. Accordingly, I will deny his motion.

**THEREFORE**, Collins' motions for leave to proceed without prepayment of the filing fee and his motion to proceed without paying an initial partial filing fee (Docket # 2, 8, 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Collins' motion to appoint counsel (Docket # 3) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

The court will document that Collins has incurred a "strike" under 28 U.S.C. § 1915(g) and will enter judgment accordingly.

**IT IS FURTHER ORDERED** that the agency having custody of Collins shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Collins' prison trust account in an amount equal to 20% of the preceding month's income credited to Collins' trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The

agency shall clearly identify the payments by the case name and number. If Collins transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with Collins' remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where Collins is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 4ᵗʰ day of April, 2018.

BY THE COURT:

*s/Nancy Joseph*_____
NANCY JOSEPH
United States Magistrate Judge