UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ROBERT L. COLLINS BEY,**

    Plaintiff,

v.                                                                   Case No. 18-cv-299

**EDWARD WALL, et al.,**

    Defendants.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Robert Collins Bey, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights. The Prison Litigation Reform Act applies to his case because he was incarcerated when he filed his complaint. As required by that law, I screened Collins' complaint to determine whether he stated a claim with which he could proceed. He did not, so I dismissed his complaint and assessed him a strike in accordance with 28 U.S.C. § 1915(g). (*See* Docket # 12.)

Collins filed a motion for reconsideration. He argues that I incorrectly determined that he did not state a claim under the First Amendment and that I ignored his allegations giving rise to claims under the Eighth and Fourteenth Amendments. I will deny Collins' motion.

A motion for reconsideration may be granted where a party demonstrates that the discovery of new evidence, an intervening change in the controlling law, or a "manifest error of law" by the court warrants the alteration or amendment of a previous judgment. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted). "A

manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citations and internal quotations omitted). The purpose of such a motion is to enable a district court to correct its own errors and thus avoid unnecessary appellate procedures. *Divane v. Krull Elec. Co.,* 194 F.3d 845, 848 (7th Cir. 1999). Granting a motion for reconsideration is an "extraordinary remedy" that should be granted only in rare cases. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). The decision "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Collins sought to state a First Amendment claim based on the institution's alleged departure from its policy of providing indigent inmates with free writing supplies and easy access to collect calls to stay in contact with family and friends. I explained that he failed to state a claim on these allegations because there is generally "no constitutional right to subsidy," so defendants' refusal to provide Collins with free postage and writing supplies and their requirement that collect calls be prepaid did not violate the First Amendment. *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir.2002); *Walker v. Litscher*, Case No. 02-C-430, 2003 WL 23200259 at *3 (W.D. Wis. March 14, 2003); *Van Poyck v. Singletary*, 106 F.3d 1558 (11th Cir.1997) (indigent inmates do not have right to free postage for personal mail); *Hershberger v. Scaletta*, 33 F.3d 955, 956–57 (8th Cir.1994) (same); *Dawes v. Carpenter*, 899 F.Supp. 892, 899 (N.D.N.Y.1995) ("[T]he Constitution does not require the State to subsidize inmates to permit [personal] correspondence.").

Collins disagrees with this decision, arguing that he states a claim because defendants were violating Department of Corrections policy when they made these decisions. Collins' argument fails. A violation of state laws or regulations is not grounds, on its own, for a federal civil rights lawsuit. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010). The alleged misconduct must itself violate the Constitution, regardless of whether it violates state laws or regulations. Here, defendants' actions do not violate the Constitution, so he does not state a claim upon which relief may be granted. Collins may pursue his claim that defendants violated states laws and regulations in state court, if he would like.

The remainder of Collins' arguments on this point merely rehash the arguments in his complaint. They do not demonstrate that I disregarded, misapplied, or failed to recognize controlling precedent, so I will not reconsider my decision that he fails to state a claim.

Collins also argues that I failed to address his proposed claims under the Fourteenth and Eighth Amendments. I did not address those claims because his allegations did not suggest such claims. Collins cannot state a class of one equal protection claim because he was not "irrationally singled out"; to the contrary, the policy he complained about applied to all the inmates in segregation at his institution. *See LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 941-42 (7th Cir. 2010).

Collins' assertion that his allegations give rise to claim under the Eighth Amendment because defendants' actions constitute "cruel and unusual punishment" is frivolous and does not warrant further discussion. *See McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir. 1993) ("For a condition in prison to violate the Eighth Amendment, it must result in unquestioned

and serious deprivations of basic human needs, or deprive inmates of the minimal civilized measure of life's necessities.") (internal quotes and citations omitted)).

**IT IS THEREFORE ORDERED** that Collins' motion to alter or amend judgment (Docket # 14) is **DENIED**.

Dated in Milwaukee, Wisconsin, this 8th day of June, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge